# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NICHOLAS C. WADE,

      Plaintiff,

      v.

VICTOR JONES,

      Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

## PLAINTIFF'S PROPOSED CONSOLIDATED PRETRIAL ORDER

The Parties submit the following as their joint proposed Consolidated Pretrial Order:

1. There are no motions or other matters pending for consideration by the court.

   **However, the Parties reserve the right to file motions in limine in accordance with this Court's Standing Order.**

2. All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3. Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any

parties.

4.   Jurisdiction is based upon the following code sections.

    **a.**   **Excessive Force and Due Process:**

        **i.**   **28 U.S.C. § 1331 — Federal question**
        **ii.**   **28 U.S.C. § 1343 - Civil rights and elective law**

5.   The following individually named attorneys are hereby designated as lead counsel for the parties:

    **a.**   **Plaintiff: R. Patrick White**

    **b.**   **Defendant: Nikisha McDonald and R. David Ware**

6.   Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

    **a**.   **Plaintiff: None.**

    **b.**   **Defendant: None.**

7.   The captioned case shall be tried to a jury.

8.   State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The trial should not be bifurcated.**

9.   Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10. Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendants wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11. State any objections to plaintiff's voir dire questions:

a.

State any objections to defendant's voir dire questions:

**Plaintiff has no objection to any of Defendant's voir dire questions.**

State any objections to the voir dire questions of the other parties, if any:

**N/A.**

12. All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The Parties do not request additional strikes. The Parties request a jury of six (6) members, with two (2) alternates, which is consistent with the requirements set forth in the Federal Rules of Civil Procedure.**

13. State whether there is any pending related litigation. Describe briefly, including style and civil action number.

   **There is no pending related litigation.**

14. Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15. Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16. Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

**There are no stipulated facts at this time.**

17. The legal issues to be tried are as follows:

   a. **Whether Defendant Jones violated Nicholas Wade's right to be free from excessive and unreasonable force under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.**
   b. **If so, has Nicholas Wade proven he is entitled to recover damages; if so, in what amount.**

   c. **Whether Defendant Jones is entitled to qualified immunity.**

18. Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by others (Rev. 03/01/11) APP.B - 25 means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19. Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.   The following designated portions of the testimony of the persons listed may be introduced by deposition:

**None. However, the parties shall have the right to take the evidentiary deposition of any party or witness for the preservation of testimony, provided that there will be no resulting delay in the trial of this case.**

21.   Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**No briefs are attached. The Parties request permission to file trial briefs, if any, with the Court ten (10) days prior to the start of trial, or such other time fixed by the Court**.

22.   In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury. Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern (Rev. 03/01/11) APP.B - 27 Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**The Parties will submit Requests to Charge in accordance with these instructions.**

23.    If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

      **Defendant Jones desires the case to be submitted to the jury on a general verdict form. In the event Plaintiff submits a special form, Defendant Jones reserves the right to amend this response.**

24.    Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

      **The Parties do not request additional time for argument.**

25.    If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

      **N/A**

26.    Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on: **N/A** to discuss in good faith the possibility of settlement of this case. The Court has discussed settlement of this case with counsel. It appears at this time that there is: No possibility of settlement.

27.    Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

      **Plaintiff currently is incarcerated, and special arrangements will need to be made for his attendance.**

28.    Plaintiff  estimates he will require **2** days to present his evidence. Defendant Jones estimate(s) that he will require **2** days to present his evidence. The total estimated time for trial is **4-5** days.

Counsel certifies that this document has been prepared in Times New Roman 14-point font.

Respectfully submitted this 12th day of July, 2023.

> KERSHAW WHITE
> */s/ R. Patrick White*
>
> _____
> R. PATRICK WHITE
> Georgia Bar No. 754806
>
> *Counsel for Plaintiff Nicholas C. Wade*
>
> 5881Glenridge Drive
> Suite 100
> Atlanta, GA 30328
> 470-443-1100 main phone
> 470-344-0992 direct phone
> 404-748-1179 fax
> *patrick.white@kershawwhite.com*

**IT IS HEREBY  ORDERED** that the foregoing, including the attachments thereto, constitutes the PRE-TRIAL ORDER in the above case and supersedes the pleadings which may not be further amended except by order of the court or prevent manifest injustice.

This _____ day of _____, 2023.

_____
MICHAEL L. BROWN
United States District Judge
Northern District of Georgia

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NICHOLAS C. WADE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:16-cv-00095-MLB |
| | ) | |
| VICTOR JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 12th day of July, 2023, I electronically filed the foregoing ***Plaintiff's Proposed Consolidated Pretrial Order*** using the Court's CM/ECF which will automatically send e-mail notification of such filing to the following attorneys of record:

Nikisha L. McDonald, Esq.
Rebecca Jean Dobras, Esq.
DeKalb County Law Department
1300 Commerce Drive
5th Floor
Decatur, GA  30030
*nmcdonald@dekalbcountyga.gov*
*rdobras@dekalbcountyga.gov*

**Counsel for Defendant
Victor Jones**

R. David Ware, Esq.
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
*dware@hallboothsmith.com*

**Counsel for Defendant
Victor Jones**

11

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NICHOLAS C. WADE,<br><br>    Plaintiff,<br><br>      v.<br><br>VICTOR JONES,<br><br>    Defendant. | CIVIL ACTION FILE NO:<br>1:16-cv-95-MLB |

**ATTACHMENT A**

**(QUESTIONS REGARDING LEGAL QUALIFICATIONS)**

The parties request that the following questions be posed to the panel:

1.    Do any of you have difficulty speaking, reading, writing, or understanding the English language?

2.    Are any of you under the age of 18 years of age?

3.    Do any of you have a charge pending against you for the commission of, or have you been convicted in State or Federal Court of a crime punishable by imprisonment for more than one year, and if so have your civil rights been restored?

4.    Do any of you have a health condition that would prevent you from serving

as a juror in this case?

5.      Are any of you <u>not</u> a resident of one of the following counties: Fulton

County, Cobb County, Clayton County, Cherokee County, DeKalb County,

Douglas County, Gwinnett County, Henry County, Newton County or

Rockdale County?

6.      Have any of you resided in one of these counties for a period of less than

one year?

7.      Are any of you not a citizen of the United States?

8.      Have any of you or any member of your family ever had or filed a claim of

any kind against DeKalb County or the DeKalb County Sheriff or Sheriff's

Office?

9.      Have you, any member of your family, any friend or acquaintance ever had

any dealings or experiences with DeKalb County or the DeKalb County

Sheriff or Sheriff's Office that might negatively affect your ability to serve

as a juror in this case?

10.     Have you, any member of your family, any friend or acquaintance ever had

any dealings or experiences with police officers that might negatively affect

your ability to serve as a juror in this case?

11.     The estimated time for this trial is 3-5 days. Do you have any physical or mental frailty or disability that would preclude you from serving on the jury or being present for the duration of the trial?

12.     Is there anything I failed to ask that you believe might affect your ability to reach a fair and impartial verdict?

13.     Is anyone here related by blood or marriage to Nicholas Wade?

14.     Is anyone here related by blood or marriage to Victor Jones?

15.     Is anyone here a current or former employee of the DeKalb County Sheriff, or related by blood or marriage to a current or former employee of the DeKalb County Sheriff?

16.     Is anyone here a current or former employee of DeKalb County, or related by blood or marriage to a current or former employee of DeKalb County?

17.     Is anyone here related by blood or marriage to any of the parties' attorneys that I have introduced to you in this case?

18.     Does anyone here work for the Law Firm of Hall, Booth, Smith, P.C. or the law firm of Kershaw White LLC ?

19.     Is anyone here related by blood or marriage to a partner or employee of Hall, Booth, Smith, P.C. or a partner or employee of the law firm of Kershaw White LLC?

3

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NICHOLAS C. WADE, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO: 1:16-cv-95-MLB |
| VICTOR JONES, | |
| Defendant. | |

**ATTACHMENT B-1**

**(PLAINTIFF'S PROPOSED GENERAL QUESTIONS FOR THE JURY)**

The following are the questions which Plaintiff wishes to be propounded to the jurors on voir dire examination:

1.  Have you had any prior experience with the legal system as a plaintiff of defendant? If so, were you satisfied with the experience?

2.  Have you or any member of your family had any legal training?

3.  Have you or any member of your family worked in a law firm?

4.  Have you had an occasion to meet any of the people who may be called as witnesses in this case? [Please see Attachments F-1 and F-2]

5.  Mr. Wade is seeking medical expenses, compensatory and punitive damages for the injuries he suffered. If you believe from the evidence presented and the charge given by the Court that Mr. Wade is entitled to recover, please raise your hand if you would have any hesitation about

1

awarding him damages?

6.    Mr. Wade is serving a prison sentence. Would that fact cause you any hesitation about finding in his favor?

7.    Mr. Wade is seeking damages against Defendant Officer Jones for injuries he received during the course of his arrest. Would that fact make it difficult for you to serve as a juror on this case?

8.    Who on the jury panel feels they would have a problem awarding damages for physical and mental suffering if the evidence warranted it?

9.    Have you ever made a claim for money damages against another person which did not result in a lawsuit?

10.   Have you ever had a claim for money damages made against you which did not result in a lawsuit?

11.   Have you ever served as a juror on a civil case?

12.   If you ever served as a juror on a civil case, what issue did you decide?

13.   If you ever served as a juror in a civil case, did your jury reach a verdict?

14.   Have you ever served as a juror on a criminal case?

15.   If you ever served as a juror in a criminal case, what issue did you decide?

16.   If you ever served as a juror on a criminal case, did your jury reach a verdict?

17.   Have you ever worked in law enforcement?

18.   Has any member of your family worked in law enforcement?

Plaintiff reserves the right to ask any questions identified in Attachment A and Attachment B-2 to this Pretrial Order to the extent they are not asked by the Court or by Counsel for the Defendant. Plaintiff  also reserves the right to ask reasonably related follow-up questions to any of the enumerated questions.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NICHOLAS C. WADE,

    Plaintiff,

       v.

VICTOR JONES,

    Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT B-2**

**(DEFENDANT'S PROPOSED GENERAL QUESTIONS FOR THE JURY)**

The following are the questions which Defendant wishes to be propounded to the jurors on voir dire examination:

1.    Have you ever served in the military?

    i.    If so, do you still serve?

    ii.    What was your function?

2.    Have you, or any member of your family, or any close friend ever held a job in any government agency?

3.    Have you ever held an elected or appointed position with, any local, state, or federal government? If so, name the position and the

1

approximate time period during which you served.

4.    Are any of you, or is any member of your immediate family, a resident of
DeKalb County?

i.  If so, in what neighborhoods do you or your immediate family reside?

ii.  How long?

5.    Does your job require you to work with any law enforcement agency or
officer(s)?    If so, please describe the nature of your work and the extent
of your contact with those law enforcement officers.

6.    Do you have any children?

i.    Over the age of 18?

ii.    Under the age of 18?

7. Are there any among you who feel that you would rather not serve on the jury,
in this case?

8. Are any of you acquainted with any law enforcement officers?

i.  If so, agency?

ii. How long have you known him/her and do you consider yourself
friends or just acquaintances?

iii.   Also, have you had any discussions with that officer regarding the
work of law enforcement?

2

9. Have you, any member of your family, or any close friend ever had a bad, or unpleasant experience with a law enforcement officer, whether or not the experience resulted in an arrest or a charge of an offense?

    **i.**    If so, please state the nature of the experience?

10. Have you, any member or your family, or any close friend ever had a bad, or unpleasant experience with an official of DeKalb County?

    **i.**    If so, please state the nature of the experience?

11. Have any of you been involved in, or been the object of, what was in your opinion, unfair treatment by any governmental agency or employee thereof, whether state, local or federal?

    **i.**    If so, please state the nature of the treatment.

12. Do you believe the court system is fair? If not, do you believe it should be fair?

13. Have any of you ever expressed an opinion in conversations with other persons concerning police officers and constitutional rights?

    If so, what opinions have you expressed?

14. Do any of you believe that movies and television shows depicting police officers, and police duties accurately portray the profession of policing?

3

     i.    If so, in what way are the depictions accurate?

    ii.    In what way are the depictions inaccurate?

15.    Do any of you have any medical or psychological training, or experience?

     i.    If so, please describe the nature of your training and experience.

16.    As a juror in this case, you will be presented with conflicting stories and you will have to determine what weight to give each witness's testimony, and determine what weight to give each witness testimony, and decide which witnesses you will believe and which you will disregard. With that in mind:

     i.  Are you able to determine if someone's story contradicts the evidence?

    ii.  Have any of you ever found that one group of persons or type of person is more prone to lie than others?

17.    If you were selected as a juror in this case, based on what you know so far, is there anything about this case that makes you feel uncomfortable or that would cause you problems in listening to all of the witnesses or the judge's instructions in this case?

18.  From time to time, the lawyers will make objections about evidence or arguments, will you all agree to not hold that against the Plaintiff or Defendant?

19.    Can you agree to be fair to the parties whether you like or dislike the lawyers?

20. In the event that you find from the evidence presented and the law given by the court that the Defendant did not violate the law, could you return a verdict for the defense?

21. Do you have any bumper stickers on your car or cars?

    If so, what are they?

22. Do you subscribe to any periodicals?

    If so, which ones?

23. As a result of anything you have read or heard in the media,  have any of you formed any opinion about the operation of the DeKalb County Sheriff's  department?

    **i.**   If so, will this opinion affect your ability to decide this case only on the evidence that is presented to you by the witnesses and individual police officers?

24. Has anyone ever been arrested? If so, please tell us:

    i.  How long were you in jail or prison?

    ii.  The jail or prison in which you were incarcerated.

25.    Do you have any close relatives who have spent time in prison, such as a

       parent, child, spouse, partner or sibling?

26.    Do you believe they were unfairly imprisoned?

27.    Do you use social media apps to keep up with current events?

   i.      What is the source by which you do so?

28.    The incident we are here about occurred in the parking lot of New Birth
       Missionary Baptist Church in 2014.  Were any of you members at the time?

   i.      If so, do you recall the incident?

29.    Have you formed any opinions regarding the incident?  If so, what

       opinions have you formed? Is there anyone who, for whatever reason,

       and you need not divulge that reason, has such negative feelings toward

       DeKalb County's Sheriff's Department or law enforcement officers that

       you begin this trial leaning against the Defendant?

30.    If the law and evidence indicates that you should return a verdict for

       Defendant Officer Jones, is there any reason you cannot?

31.    Is there any reason, whatsoever, that you cannot be fair to Officer Jones in

       this case?

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICHOLAS C. WADE,

     Plaintiff,

       v.

VICTOR JONES,

     Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT C**

**(PLAINTIFF'S OUTLINE OF THE CASE)**

### I.    Factual Outline

The DeKalb County Sheriff's Office ("DKSO") obtained a warrant for the arrest of Mr. Wade for the death of Keon Belk, the minor child of Jillian Belk . Ms. Belk was  Mr. Wade's girlfriend. Investigators were able to locate Ms. Belk and convinced her to meet with Mr. Wade. On February 5, 2014, at the direction of DKSO investigators who were staged nearby, Ms. Belk picked up Mr. Wade. Before she picked him up, the investigators had left a cell phone in the back seat of her car so that they could hear what Ms. Belk and Mr. Wade were saying.  The investigators followed Ms. Belk's car into a parking lot, where they surrounded the car. At least eleven officers were on the scene.

1

Investigators Daniels and Wilson approached the driver's side of Ms. Belk's vehicle, and Investigators Jones and Beach approached the passenger side. Mr. Wade, after seeing the investigators, contemplated suicide and held a sawed-off shotgun with the barrel pointed at his chin. Inv. Daniels fired his weapon at Mr. Wade, striking Mr. Wade in the back of his head and leg. Inv. Daniels then opened the door and placed the BMW in park.

Inv. Beach opened the passenger side door, placed Mr. Wade in handcuffs, and removed the shotgun from the Black BMW. After Mr. Wade was restrained, Defendant Jones pistol-whipped him breaking his teeth.

## II. Summary of Legal Claims

Violations of 42 U.S.C. § 1983 and U.S. Const. Amend. 4 for the unwarranted pistol whipping of Mr. Wade by Defendant Jones. *Baltimore v. City of Albany, Ga.,* 183 Fed. Appx. 891, 898 (11Cir. 2006).

## III. Elements of Damage Sought

Special damages for dental expense to repair the damage to Mr. Wade's teeth to be determined at the time of trial.

General damages for physical and mental pain and suffering to be determined by the enlightened conscience of the Jury.

Punitive damages to be determined by the Jury.

2

Regarding the measure of damages see *Carey v. Piphus,* 435 U.S. 437 (1978).

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

NICHOLAS C. WADE,

     Plaintiff,

     v.

VICTOR JONES,

     Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

---

## ATTACHMENT D

## (DEFENDANT'S OUTLINE OF THE CASE)

The DeKalb County Sheriff's Office ("DKSO") identified Wade as a suspect in the death of 18 month old Keon Belk, a toddler. Keon's mother, Jillian Belk (Belk), was Wade's girlfriend.  While in Wade's care, the child was struck repeatedly with an object which led to his death.  Thereafter, DKSO obtained a warrant for the arrest of Wade, who was known to be armed and dangerous based on prior criminal charges in DeKalb County. Investigators were able to locate Jillian Belk and convinced her to meet with Wade. On February 5, 2014, at the direction of DKSO investigators who were staged nearby, Belk picked up Wade. Before she picked him up, the investigators had left a cell phone in the backseat of her car so that they could hear what Belk and Wade were saying. The officers heard Wade accuse Belk of having led the police to him and heard Belk say,

"I'm scared." The investigators followed Belk's car into a parking lot, where they surrounded the car. At least eleven officers were on the scene.

Investigators Daniels and Wilson approached the driver's side of Belk's vehicle, and Investigators Jones and Beach (incorrectly identified in the complaint as Stacey Spears) approached the passenger side. Each investigator drew his or her gun and noticed that Wade held a sawed-off shotgun with the barrel pointed at his own chin. Upon hearing the investigators, Wade instinctively turned his head towards Jones while still pointing the weapon at his own chin. Inv. Jones yelled, "Don't do it" and Inv. Jones saw Mr. Wade point the gun at him. Inv. Daniels fired his weapon at Mr. Wade to stop the threat, striking Mr. Wade in the back of his head. Inv. Daniels then opened the door and placed the BMW in park, keeping Mr. Wade at gunpoint because he was still moving.

Inv. Jones did not fire his service weapon but honestly believed that Mr. Wade had shot at him. Inv. Daniels yelled out that he had shot Mr. Wade and Inv. Jones saw what appeared to be a gunshot wound in the back of Mr. Wade's head. Inv. Beach opened the passenger side door, placed Mr. Wade in handcuffs, and removed the shotgun from the Black BMW. Inv. Beach asked for bandages, but Inv. Jones was only able to find a handful of napkins which Inv. Beach used to apply pressure to the gunshot wound. Mr. Wade has alleged in this case that Inv. Jones pistol-

whipped him after Inv. Daniels shot him.  However, Inv. Jones did not strike Mr. Wade with his handgun.

The Fire Department and EMS were dispatched and arrived on scene shortly thereafter. Ultimately, Wade was indicted on several counts, including murder and aggravated assault on a peace officer relating to an arrest. A jury convicted Wade on all counts.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NICHOLAS C. WADE,

    Plaintiff,

       v.

VICTOR JONES,

    Defendants.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT F-1**

**(PLAINTIFF'S WITNESS LIST)**

Plaintiff Will Call:      Nicholas C. Wade

Defendant May Call:     Jillian Belk
                      Tracy Henderson
                      Any Witness identified by the Defendant

Plaintiff reserves the right to seasonably supplement his witness list as he continues with trial preparation in accordance with the local rules and federal rules.

1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NICHOLAS C. WADE,

    Plaintiff,

       v.

VICTOR JONES,

    Defendants.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT F-2**

**(DEFENDANT'S WITNESS LIST)**

Defendant Will Call:    Inv. Victor Jones

Defendant May Call:    Solomon Daniels
                    Sgt. D. Brown
                    Sgt. Hood
                    Nicholas Wade
                    Julian Beck
                    Inv. Alberda Beach
                    Inv. Bernard Peterson
                    Alisha Stevenson
                    Lt. M. Wilder
                    Lt. Michael Wilder
                    Daniel Jones
                    Michael McRae
                    Lt. Fripp
                    Officer B. Youngblood
                    Corporal McCray
                    Representative from Correct Care Solutions
                    Alaba Abshigbin
                    Delquis Mendoza

Chun Ng
First Responders from the DeKalb County Fire Rescue
Department


Defendant reserves the right to seasonably supplement his witness list as he continues with trial preparation in accordance with the local rules and federal rules.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NICHOLAS C. WADE,

    Plaintiff,

    v.

VICTOR JONES,

    Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT G-1**

**(DEFENDANT'S EXHIBIT LIST)**

| EXHIBIT NO. | DESCRIPTION | MARKED | OFFERED | OBJECTION | ADMITTED |
|---|---|---|---|---|---|
| 1 | March 31, 2014 Report From Inv. Daniels (Dkt.54-7) | | | | |
| 2 | Inv. Jones Report (Dkt. 54-9) | | | | |
| 3 | Use of Force Policy (Dkt. 56-1) | | | | |

1

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| NICHOLAS C. WADE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR JONES,<br><br>Defendant. | CIVIL ACTION FILE NO:<br>1:16-cv-95-MLB |

## ATTACHMENT G-2

## (DEFENDANT'S DOCUMENTARY EVIDENCE)

1. Certified Conviction of Nicholas Wade
2. Scene Photos of Nicholas Wade
3. Use of Force Report regarding Nicholas Wade
4. Office of Professional Standards Report regarding Nicholas Wade
5. Documents filed by Nicholas Wade filed in District Court and Eleventh Circuit
6. DeKalb County's OPS Investigation Interviews with Nicholas Wade
7. DeKalb County's OPS Investigation Interviews with Jillian Belk
8. DeKalb County Police Department's investigation regarding the shooting of Nicholas Wade
9. Audio Recordings of Nicholas Wade
10. Audio Recordings of Officer McRae
11. Audio Recordings of Sgt. D. Brown
12. Audio Recordings of Inv. T. Wortham
13. Audio Recordings of Inv. V. Jones
14. Audio Recordings of Inv. Wilson
15. Audio Recordings of R. Bell
16. Audio Recordings of B. Peterson

17.    Audio Recordings of N. Menendez
18.    Audio Recordings of Inv. Beach
19.    DeKalb County Police Department 6400 Woodrow Road Audio Track
20.    Inv. B. Peterson's Track 1
21.    DeKalb County Police Department 6400 Woodrow Road Audio Track No. 2
22.    DeKalb County Sheriff's Office Report of Jail Incident Involving Nicholas Wade and Danny Cooper
23.    Transcript of the Trial, *State of Georgia v. Nicholas Wade*
24.    Any and All Documents Necessary for Impeachment of Nicholas Wade

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NICHOLAS C. WADE,

    Plaintiff,

    v.

VICTOR JONES,

    Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

---

## ATTACHMENT G-2A

## (PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DOCUMENTARY EVIDENCE)

Exhibit 1-Certified Conviction of Nicholas Wade- Objection based on FRE 403/ Relevance

Exhibit 23-Transcript of the Trial, *State of Georgia v. Nicholas Wade*- Objection based on FRE 403/ Relevance.

Regarding the remaining proposed exhibits, Plaintiff is not in the position to waive objections to either the authenticity or admissibility of the documents as he has not been given the opportunity to review them. Plaintiff will make arrangements to review the documents and revise this Attachment prior to the Pretrial Conference.

1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

NICHOLAS C. WADE,

     Plaintiff,

       v.

VICTOR JONES,

     Defendant.

CIVIL ACTION FILE NO:
1:16-cv-95-MLB

**ATTACHMENT I**

**(PLAINTIFF'S SPECIAL VERDICT FORM)**

With regard to the claims made by Nicholas C. Wade against Victor Jones, we the Jury :

a.  Find in favor of the Plaintiff _____

b.  Find in favor of the Defendant_____

1

2(a) If you find in favor of the Plaintiff, What amount of damages should

Plaintiff receive for medical expenses?

$_____


2(b) What amount of compensatory damages should Plaintiff be awarded to

compensate Plaintiff for physical and mental pain and suffering?

$_____


2(c) Should punitive damages be assessed against Defendant? If so, please state

the amount below:

$_____

SO SAY WE ALL.

_____

FOREPERSON

Date:_____